UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MOSSBURG,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., Inc.,<br><br>Defendant. | Case No.: 3:25-cv-00739-JAH-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>**[ECF No. 8]** |

Before the Court is Plaintiff Christopher Mossburg's ("Plaintiff") motion to remand the above-titled case to state court filed on April 16, 2025. ECF No. 8 ("Motion" or "Mot."). On May 1, 2025, Defendant Home Depot, U.S.A., Inc. ("Defendant") filed its opposition to the motion. ECF No. 12 ("Opposition" or "Opp."). Plaintiff has replied. ECF No. 13 ("Reply). Because the Court retains diversity jurisdiction over the matter as discussed further below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff originally filed a case in Superior Court of California, County of San Diego on December 21, 2023 entitled *Mossburg v. Home Depot, U.S.A., Inc.*, 3:24-cv-00266-JAH-JLB. *See* Notice of Removal, Ex. A (ECF No. 1-2 at 9).[1] In this complaint, Plaintiff

---

[1] The record cited in this section can be found in the separate docket for the original action in this case, *Mossburg v. Home Depot, U.S.A., Inc.*, 3:24-cv-00266-JAH-JLB.

alleged that he had "neurological learning disabilities" and was refused accommodations by Defendant in 2018 and 2023. *Id.* at 16-22. Plaintiff's complaint included claims against the Defendant under both the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). *Id.* at 43.

On February 9, 2024, Defendant removed the original case to this district under federal question jurisdiction given Plaintiff's ADA claims. ECF No. 1 at 2. Defendant moved to dismiss the complaint on February 16, 2024. In response, Plaintiff filed a motion for remand and motion to disqualify Defendant's counsel. This Court issued its order (1) denying Plaintiff's motion to remand, (2) granting Defendant's motion to dismiss, (3) denying Plaintiff's motion to disqualify counsel, and (4) denying Plaintiff's motion to strike, or in the alternative, motion for leave to file a sur-reply. ECF No. 22 at 19-20. In its order, the Court found that Plaintiff's ADA claims, as a matter of federal law, provided the Court with federal subject-matter jurisdiction over the case. *Id.* at 9 (finding that, "[a]s a threshold matter, there is no dispute that the Complaint alleges a question of federal jurisdiction over the ADA claims."). In the same order, the Court also granted Plaintiff leave for twenty-one days to file an amended complaint. *Id.* at 19.

On January 15, 2025, Plaintiff filed the instant action against Defendant in the Superior Court of California, County of San Diego, seeking relief for the same events solely under California's Unruh Civil Rights Act in 2018 and 2023. *See* Notice of Removal, Ex. A (ECF No. 1-2 at 2).[2] On March 28, 2025, Defendant removed the case to district court, and shortly thereafter Defendant filed its motion to dismiss. ECF Nos. 1 & 5. On April 16, 2025, Plaintiff filed the present motion to remand the case to state court which is opposed by the Defendant. ECF Nos. 8 & 12.

---

Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

[2] The record hereafter comes from the docket of the present case, *Mossburg v. Home Depot, U.S.A., Inc.*, 3:25-cv-00739-JAH-JLB.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. Federal courts also have jurisdiction over all civil actions where diversity of citizenship exists between the parties and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. The defendant bears the burden of proving federal subject-matter jurisdiction when a case is removed from state court. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

## DISCUSSION

Plaintiff argues that this case should be remanded to state court because the Court does not have federal question jurisdiction over any of Plaintiff's claims in the new complaint, given that Plaintiff only alleges violations of state law. Mot. at 6. Plaintiff argues that all claims in the present complaint arise under the California Unruh Civil Rights Act. *Id* at 7. Defendant presents two arguments in its opposition, (1) that federal questions, under the Americans with Disabilities Act ("ADA"), remain inherent in Plaintiff's Unruh Act claims, and (2) that diversity jurisdiction exists, given that Plaintiff is a California citizen, Defendant is a citizen of Delaware and Georgia, and the amount in controversy exceeds $75,000. Opp. at 12-19.

### A. Federal Question Jurisdiction

Plaintiff argues that no federal question jurisdiction exists because the second complaint "asserts twenty-one causes of action under the Unruh Civil Rights Act, California Civil Code § 51 et seq., and *does not state a single federal cause of action*." Mot. at 3 (emphasis added). Defendant contends that the complaint still alleges violations of the ADA because Plaintiff factually alleges that he specifically requested a Title III ADA accommodation from the Defendant and because Plaintiff's claims under Unruh Act are premised on violations of the ADA. Opp. at 15-19.

Federal question jurisdiction exists either when the plaintiff asserts a federal claim in the complaint, or in the alternative, when the plaintiff asserts a state law claim where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808-809 (1986) (citation omitted). Before exercising federal question jurisdiction over state law claims that involve federal law, courts must assess the underlying federal law at issue and analyze whether Congress intended the law to provide the remedy being sought. *Id.* at 810-811.

Here, Plaintiff correctly argues that the second complaint includes no federal law claims. Mot. at 3. Plaintiff exclusively relies on claims under the California Unruh Act in the complaint. ECF No. 1-2 at 30-66. Because there is no federal claim pleaded within the complaint, the Court reviews whether Plaintiff's claims under the Unruh Act necessarily involve resolution of a federal question in a manner consistent with the intention of Congress. The Court finds *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) dispositive on this issue.

In *Wander*, the Ninth Circuit was presented with a state law, the California Disabled Person's Act, that provided a cause of action with monetary damages for violations of the ADA. *See Wander*, 304 F.3d at 857. The court found that the state law's incorporation of a federal standard did not confer federal question jurisdiction over the claim, because the claims under the California Disabled Person's Act do not "arise under federal law." *Id.* at 859. As the court explained, Congress's ability to delineate the jurisdiction of the federal courts would be flouted if federal courts exerted jurisdiction over state law claims when those claims provide remedies for violations of federal law inconsistent with the remedies afforded by Congress. *Id*. Because Congress did not intend to provide monetary damages to claimants for violations of the ADA involving public accommodations, state laws that provide such remedies for ADA violations do not confer federal question jurisdiction to the federal courts. *Id.* (finding that "it is clear that the exercise of federal-question jurisdiction under these circumstances would fly in the face of clear congressional intent.").

Here, California Unruh Act § 52(a) provides monetary damages to the claimant on the basis of an ADA violation, whereas the ADA provides exclusively for injunctive relief alone. *See* CAL. CIV. CODE §§ 51(f), 52(a), *and see* 42 U.S.C. § 12188(a)(1). A state law claim that provides monetary damages for violations of the ADA by public accommodations does not "'arise under federal law' even though it is premised on a violation of federal law." *Wander*, 304 F.3d at 859. Because federal courts do not have federal question jurisdiction over state law claims that incorporate federal statutes but that provide inconsistent remedies than those selected by Congress, this Court does not have federal question jurisdiction over Plaintiff's Unruh Act claims. *See Wander*, 304 F.3d at 859.

Defendant argues that caselaw exists allowing courts to exercise federal question jurisdiction over Unruh Act claims when plaintiff seeks injunctive relief because those claims are identical to claims for injunctive relief under the ADA. Opp. at 18-19. *See e.g. Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (finding when plaintiff brings claims for both injunctive relief and damages under the Unruh Act, "federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages."). While Defendant is correct in noting that Plaintiff's petition for injunctive relief in this case, standing alone, would mirror the relief contemplated by Congress in the ADA, Plaintiff's claims trigger mandatory statutory damages under the Unruh Act that present a dramatic remedy not permitted under the ADA. Because Congress clearly intended that "ADA violations *not* give rise to a federal cause of action for damages," exerting federal question jurisdiction over Plaintiff's Unruh Act claims would represent an unwarranted expansion of jurisdiction. *See Wander*, 304 F.3d at 859 (finding that "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."), *and see id*. at 860 (reviewing *Pickern* and concluding that "the presence of an ADA violation as an element of the [state law] is insufficient to confer federal question jurisdiction."). Because Plaintiff's complaint seeking injunctive relief

rests entirely on claims that require monetary damages for ADA violations, this Court may not find original jurisdiction in Plaintiff's Unruh Act claims. *See in accord. Rutherford v. La Jolla Riviera Apartment House LLC*, 2019 WL 6125255, *3 (S.D. Cal. November 19, 2019) (collecting cases where "district courts have frequently found that Unruh Act claims premised on ADA violations do not create federal question jurisdiction."), *and see id.* at *4 (concluding "none of these cases found that federal question jurisdiction existed over Unruh Act claims for injunctive relief premised on ADA violations, or that supplemental jurisdiction should be exercised over related state claims for damages.").

## B. Diversity Jurisdiction

As provided by Congress, federal courts may also exercise jurisdiction over a case when (1) there is diversity of citizenship between the parties and (2) the amount at issue exceeds $75,000. 28 U.S.C. § 1332. The citizenship of a person is the location where the person is domiciled, or where the person has established a fixed home with the intent to remain there permanently. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A person's domicile is not changed unless a person maintains a physical presence at a new location with the intent to remain at the new location indefinitely. *Id* at 750. The citizenship of a corporation may be found in two locations, (1) the state in which the corporation is incorporated, and (2) the state in which the corporation has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 85, 92-93 (2010). When evaluating the principal place of business for a corporation, courts look to the location of the corporation's "nerve center," or the location at which the corporation is managed and directed. *Id* at 92-93.

Here, Defendant argues that removal is proper because diversity of citizenship exists under 28 U.S.C. § 1332. ECF No. 1 at 3, Opp. at 12-14. Defendant asserts, and Plaintiff states, that Plaintiff is "an individual residing in San Diego County, California." Opp. at 13, ECF No. 1-2 at 3. Defendant asserts that it is a corporation incorporated under the laws of the State of Delaware, and that its principal place of business is located in the State of Georgia. ECF No. 1 at 3, Opp. at 13. Plaintiff does not dispute Defendant's citizenship, and Plaintiff does not address Defendant's arguments for diversity jurisdiction as presented

in the removal notice. Because Plaintiff is a citizen of the State of California and does not contest the citizenship of Defendant, a key element of diversity jurisdiction has been met.

The second element of diversity jurisdiction requires that the amount in controversy between the parties exceeds $75,000. 28 U.S.C. § 1332. Under the Unruh Act, each offense of discrimination provides a minimum of $4,000 in damages. CAL. CIV. CODE § 52(a). Defendant argues that Plaintiff's complaint includes "21 counts of violations under the Unruh Civil Rights Act," ECF No. 1-2 at 82, which amounts to a minimum damages award of $84,000 under the requirements of the California Civil Code. ECF No. 1 at 3-4, Opp. at 13-14. Because the amount in controversy exceeds $75,000, the second requirement for diversity jurisdiction has been met. As a result, this Court has jurisdiction over the case under 28 U.S.C. § 1332, and Plaintiff's motion to remand the matter to state court must be denied.

## CONCLUSION

"The plaintiff is the master of his or her complaint" and may avoid federal jurisdiction by pleading accordingly. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citation omitted). Plaintiff has evinced a desire to prosecute his claims in state court by twice filing the action against Defendant in state court, and Plaintiff has subsequently removed questions of federal law from his complaint by alleging only state law violations in the present action. While Plaintiff's new complaint provides this Court with no grounds for federal question jurisdiction, this Court still retains diversity jurisdiction over the matter because Plaintiff and Defendant are citizens of different states and because Plaintiff asserts multiple counts under the Unruh Act that require statutory damages above $75,000.

///
///
///
///
///

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 15, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE